# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re LIBORIUS IHECHERE AGWARA,<br><br>                Debtor.<br>_____<br>LIBORIUS IHECHERE AGWARA,<br><br>                Appellant,<br><br>     vs.<br><br>VICTORIA L. NELSON, Chapter 7 Trustee<br><br>                Appellee. | Bankr. No. 13-bk-17576<br><br><br>3:16-cv-00061-RCJ<br><br>**OPINION AND ORDER** |

       This is an appeal of an order of the Bankruptcy Court approving a stipulation between the Chapter 7 Trustee and a creditor. The Court has jurisdiction under 28 U.S.C. § 158, and it affirms.

       Debtor Liborius Agwara filed for Chapter 13 bankruptcy protection in this District. The Bankruptcy Judge granted Debtor's motion to convert the case to Chapter 11 and appointed Appellee Victoria Nelson as Chapter 11 Trustee. The Bankruptcy Judge granted the Trustee's motion to convert the case to Chapter 7 and later approved a stipulation between the Trustee and Appellant's ex-wife/creditor Kelechi Agwara (the "Stipulation").

Debtor filed the present appeal, assigning four errors: (1) failing to observe Bankruptcy Rule 6007 when approving the Stipulation; (2) denying him and other creditors due process by not giving adequate time for objection to the Stipulation; (3) approving the Stipulation where there is no benefit to the Estate thereunder; and (4) approving a Stipulation that transfers exempt property. The parties agreed that the Bankruptcy Appellate Panel should transfer the appeal to this Court due to the risk of inconsistent rulings in Case No. 2:15-cv-1544 ("the First Appeal"), an appeal of a related order already pending before this Court.

In the First Appeal, Debtor challenged an order of the Bankruptcy Court approving a state court divorce decree and ordering Debtor to turn over certain property ("the Property") to his ex-wife in accordance therewith. (*See* Order, July 30, 2015, ECF No. 479 in Case No. 13-bk-17576). This Court affirmed, ruling that any debt to Debtor's ex-wife incurred in connection with the state court divorce decree was explicitly non-dischargeable under § 523(a)(15). Debtor voluntarily dismissed his appeal of this Court's affirmance.

In the present case, Debtor challenges the Stipulation, which was a precursor order of the Bankruptcy Court requiring the Trustee to abandon the Estate's interest in the Property. (*See* Order, July 1, 2015, ECF No. 394 in Case No. 13-bk-17576). The Court finds that the ruling in the First Appeal controls the outcome in the present appeal. The Court's previous ruling was that the Bankruptcy Court's July 30, 2015 order for Debtor to turn over the Property in accordance with the state court divorce decree was proper. Debtor waived any argument as to a contrary outcome by voluntarily dismissing his appeal of that ruling. He cannot now continue to

argue that the Bankruptcy Court's July 1, 2015 order requiring the Trustee to abandon the Estate's interest in the Property was in error.

**CONCLUSION**

IT IS HEREBY ORDERED that the Order of the Bankruptcy Court is AFFIRMED.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 2-9) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated: This 12th day of December, 2016.

_____
ROBERT C. JONES
United States District Judge